UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **JOSEPH HUNTER,** <br><br> Defendant. | Civil Action No.  14-442 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Defendant Joseph Hunter is a former employee of the United States House of Representatives who left his employment in January 2, 2009, but, despite repeated requests, failed to file a required financial-disclosure form.  The United States brought this suit seeking a civil penalty for his willful behavior.  As Defendant never responded to the Complaint or defended this action, the Court will now enter a default judgment in the sum of $25,000.

The Government filed this action on March 18, 2014, see ECF No. 1 (Complaint), and served Hunter on May 5.  See ECF No. 3 (Service Affidavit).  He never appeared.  The United States then obtained the Clerk's entry of default on June 19, see ECF No. 6, and it now moves for default judgment.  See ECF No. 7.

The determination of whether a default judgment is appropriate is "committed to the sound discretion of the trial court."  See Jackson v. Beech, 636 F.2d 831, 835 (D.C. Cir. 1980) (citations omitted).  A default judgment may enter where a defendant is "totally unresponsive," and his default is plainly willful, as reflected by his failure to respond to the summons and complaint, the entry of default, or the motion for default judgment.  See Gutierrez v. Berg Contracting Inc., No. 99-3044, 2000 WL 331721, at *1 (D.D.C. March 20, 2000) (citing Jackson,

1

636 F.2d at 836).  Nevertheless, "[m]odern courts are . . . reluctant to enter and enforce judgments unwarranted by the facts," Jackson, 636 F.2d at 835, and "a district court may still deny an application for default judgment where the allegations of the complaint, even if true, are legally insufficient to make out a claim."  Gutierrez, 2000 WL 331721, at *2 (citing Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980)).

Defendant here continues to be "totally unresponsive," and his default is evidently willful given his complete failure to respond to the summons and Complaint, the entry of default, or the Motion for Default Judgment.  The Court thus considers whether the Government has sufficiently demonstrated that the allegations in its Complaint warrant the default judgment it seeks.

Hunter terminated his employment as a staff member in the United States House of Representatives on January 2, 2009.  See Mot., Exh. 1 (Declaration of Thomas A. Rust), ¶¶ 2-3.  People holding such staff positions are required to file financial-disclosure statements no later than thirty days after leaving their position.  See 5 U.S.C. app. 4 §§ 101(e), 101(f)(10), 109(13)(B); Rust Decl., ¶ 2.  This period was extended to March 20, 2009, by a February 2009 letter from the Office of the Clerk of the House.  See Mot., Exh. 2 (Declaration of Janice Glosson), ¶ 5; see also 5 U.S.C. app. 4 § 101(g)(1) (reasonable extensions up to 90 days may be granted).  (As the statute of limitations is five years for enforcement of a civil penalty, see 28 U.S.C. 2462, such extension means that the Government has timely filed this suit.)  The House's Committee on Ethics sent Hunter subsequent letters reminding him of his obligation on September 15, 2010, November 4, 2011, and August 7, 2012.  See Rust Decl., Exhs. A-C.  He never complied.  See id., ¶ 8.

Those who fail to comply with the financial-disclosure requirement are subject to a civil penalty where such failure was committed "knowingly and willfully."  5 U.S.C. app. 4 § 104(a).  Given the Government's repeated letters to Hunter over the years to remind him of his obligations, the Court is satisfied that Defendant's refusal to file is knowing and willful.  Default judgment is thus appropriate here.  See United States v. Gant, 268 F. Supp. 2d 29 (D.D.C. 2003) (entering default judgment against former government employee who failed to file required financial-disclosure forms and never appeared to defend against suit).

The maximum permissible penalty in this case is $50,000.  See 5 U.S.C. app. 4 § 104(a)(1).  Given that the Court knows nothing about Defendant's financial circumstances, it is loath to impose the ceiling.  The Court thus believes that a $25,000 penalty is appropriate.

The Court therefore ORDERS that:

1. Plaintiff's Motion for Default Judgment is GRANTED IN PART and DENIED IN PART; and

2. Judgment is hereby ENTERED against Defendant Joseph Hunter in the amount of $25,000.

**SO ORDERED**.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  August 27, 2014